UNITED STATES DISTRICT COURT                                    ECF
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | 03 MDL 1570 (RCC)<br><br>**MEMORANDUM & ORDER** |

*This document relates to*: ALL ACTIONS

**RICHARD CONWAY CASEY, United States District Judge:**

The Defendants' Executive Committee ("Defendants' Committee") makes an application for an umbrella protective order covering all materials produced during discovery in the above-captioned case. Rule 26(c) of the Federal Rules of Civil Procedure provides that upon motion a court may grant a protective order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," provided that the party or person requesting the protective order has demonstrated that good cause exists for its issuance. The Plaintiffs' Executive Committee opposes the instant application for a protective order on the grounds that the Defendants' Committee has not adequately demonstrated good cause, particularly in light of the intense public interest surrounding this litigation. Because the Court finds that the Defendants' Committee has demonstrated sufficient good cause to warrant a limited protective order, the Defendants' Committee's application is **GRANTED IN PART**.

**I.    MEMORANDUM**

"The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). But courts also must be mindful that protective orders implicate a litigant's First Amendment right to speak, see id. at 34, as well as the public's common law and "likely constitutional" right of access

to the courts, <u>Gambale v. Deutsche Bank AG</u>, 377 F.3d 133, 140 (2d Cir. 2004).  Rule 26(c) of the Federal Rules of Civil Procedure accommodates these important rights by requiring the party or person seeking a protective order to demonstrate good cause for its issuance.  <u>See Seattle Times</u>, 467 U.S. at 37; <u>In re "Agent Orange" Prod. Liab. Litig.</u> ("<u>In re Agent Orange</u>"), 821 F.2d 139, 145 (2d Cir. 1987) ("[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order . . . [and] if good cause is not shown, the discovery materials in question should . . . be open to the public for inspection.").

The specificity required in a showing of good cause varies with the scope and complexity of a case.  Ordinarily, good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury."  <u>Shingara v. Skiles</u>, 420 F.3d 301, 306 (3d Cir. 2005); <u>see also</u> <u>Havens v. Metro. Life Ins. Co.</u>, No. 94 Civ. 1402 (CSH), 1995 WL 234710, at *11 (S.D.N.Y. April 20, 1995) ("[D]efendant fails to specify the nature or extent of injury [that] it contemplates release of the sealed documents would bring about, and accordingly fails to establish good cause.").  <u>But see</u> <u>Topo v. Dhir</u>, 210 F.R.D. 76, 77-78 (S.D.N.Y. 2002) (holding that while the "specificity requirement" of the good cause standard applies to companies, it does not apply to private individuals).  In cases of unusual scope and complexity, however, broad protection during the pretrial stages of litigation may be warranted without a highly particularized finding of good cause. <u>See</u> <u>In re Agent Orange</u>, 821 F.2d at 148.  Instead, a court may impose an initial protective order based upon a general showing of good cause, and may modify that order at a later time if more specific grounds for its continuance remain indiscernible.  <u>Id.</u> (explaining that although the district court made no finding of good cause, the court "properly entered the [protective] orders initially as temporary measures, and properly lifted them thereafter").

In addition, the public's right of access to discovery materials depends on the type of materials and the stage of the litigation.  A court considering whether to issue a protective order must consider the public interests at stake.  Shingara, 420 F.3d at 308; Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999) (Posner, J.) (noting that "[t]he judge is the primary representative of the public interest in the judicial process").  But, as the Second Circuit indicated in United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995), public interest in particular litigation does not generate a public right of access to all discovery materials.  Indeed, no public right of access exists with respect to materials produced during the initial stages of discovery.  Id.  The Second Circuit in Amodeo explained that while a presumption of public access exists as to documents filed with the court, "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach and stand on a different footing than a motion filed by a party seeking action by the court, or, indeed, than any other document which is presented to the court to invoke its powers or affect its decisions."  Id. (internal quotations, citations, and alteration omitted).

Thus, the public's right of access to discovery material only encompasses access to "judicial documents," that is, such "items filed with the court that are relevant to the performance of the judicial function and useful in the judicial process."  SEC v. TheStreet.com, 273 F.3d 222, 231 (2d Cir. 2001) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) (alterations omitted)).  This "presumptive right to public observation is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication.  Such documents include those relating to the decision of a motion for summary judgment . . . ."  Gambale, 377 F.3d at 140 (internal quotations and citations omitted).  Accordingly, a party seeking a protective order sealing trial, other

court hearings, or motions and accompanying exhibits filed with the court must satisfy a more demanding standard of good cause.  See id. (noting that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons"); Byrnes v. Empire Blue Cross Blue Shield, No. 98 Civ. 8520 (BSJ), 2000 WL 60221, *1 (S.D.N.Y. Jan. 25, 2000).

In a two-page letter to the Court, dated May 4, 2006, the Defendants' Committee requests that all discovery in this multi-district litigation be subject to a protective order.  The Committee has made this request on behalf of numerous defendants, including sovereign states, government institutions, public figures, private individuals, companies, charitable organizations, and others.  The Defendants' Committee's application includes, inter alia, a request for provisions limiting the parties' use of all disclosure or discovery material to purposes associated with this litigation.  It also requests provisions affording additional protections to specifically designated confidential materials. Among the latter provisions, the Defendants' Committee requests that the protective order require the parties to file under seal any confidential material submitted to the Court.

The Committee argues that good cause exists for an umbrella protective order because discovery will encompass "an enormous number of documents," and "[a] substantial portion of those documents may contain sensitive or confidential information, such as details about defendants' finances, the public disclosure of which would intrude on defendants' privacy."  (Defs.'s May 4, 2006 Letter.)  The Defendants' Committee also argues that imposing a protective order will prevent further prejudice to the defendants.  It contends "that plaintiffs have already demonstrated their desire to try their case in the press," and therefore, that disclosure of any discovery materials "would irreparably tarnish defendants' reputations" and "would prejudice defendants' ability to defend

themselves at trial."   (Id.)

Under normal circumstances, such broad assertions of good cause would be too generalized to support imposition of a protective order.  See Shingara, 420 F.3d at 306; Havens, 1995 WL 234710, at *11.  But the present circumstances are far from normal.  Indeed, this multi-district litigation amounts to one of the largest private lawsuits in United States history.  Defendant-by-defendant good cause determinations for individual protective orders at this juncture in this case, much less document-by-document confidentiality determinations where no protective order has issued, would impose an enormous burden upon the Court and severely hinder its progress toward resolution of pretrial matters.  For this reason, the Court finds that the unusual scope and complexity of the instant litigation warrants broad protection during the pretrial stages of litigation based upon only a general finding of good cause.  See In re Agent Orange, 821 F.2d at 148.

Furthermore, the Court finds that the Defendants' Committee's general assertions of good cause based upon privacy and prejudice concerns are sufficient to warrant imposition of a limited protective order in this case.  Most, if not all, of the numerous defendants to these consolidated actions are accused of either committing the terrorist acts of September 11, 2001 or providing material support to those who did.  Many of these same defendants will be asked to turn over a vast array of private and confidential information during discovery, much of which will have little or no bearing on the resolution of these actions but will be subject to widespread public scrutiny with prejudicial effects in the absence of a protective order.  See Seattle Times, 467 U.S. at 34-35 (noting that "[i]t is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse," and that such abuse "may seriously implicate privacy interests of litigants and third parties").  In light of these circumstances, the Defendants' Committee has shown

sufficient good cause for a protective order covering the initial stages of discovery.

Such a showing is not sufficient, however, to warrant a protective order covering all "judicial documents," particularly those submitted to the Court in connection with trial, other hearings, and motions.  The public's right of access to the court and judicial process is at its "apogee" with respect to such documents, <u>Gambale</u>, 377 F.3d at 140, and a protective order sealing them requires a more specific, clearly defined demonstration of good cause than that which the Defendant's Committee presented here, <u>see</u> <u>Byrnes</u>, 2000 WL 60221, at *1.  Thus, although the Court will permit the parties to designate particular discovery material as confidential and subject to heightened protections, the Court will not permit such materials to be filed under seal pursuant to the Defendant's Committee's current application.

## II.   ORDER

### A.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in the actions that make up this Multi-District Litigation (the "MDL") are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation will be warranted.  Accordingly, the Court hereby adopts the following Protective Order ("Order").

### B.   DEFINITIONS

1.    "Party" shall mean any party to this MDL, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.    "Disclosure or Discovery Material" shall include, but not be limited to, all items or information, regardless of the medium or manner generated, stored, or maintained

(including, among other things, testimony, transcripts or tangible things), that are produced or generated in disclosures or responses to discovery in this MDL.

       3.     "Producing Party" shall mean a Party or non-party that produces Disclosure or Discovery Material in this MDL.

       4.     "Receiving Party" shall refer to a Party that receives Disclosure or Discovery Material from a Producing Party.

       5.     "Designating Party" shall mean a Party or non-party that designates Disclosure or Discovery Material as Confidential pursuant to paragraph F.3. of this Order.

       6.     "Confidential Information or Material" or "Protected Material" shall mean all Disclosure or Discovery Material, or portions thereof, as well as any copies, summaries or abstracts thereof, which have been designated by the Designating Party as Confidential pursuant to paragraph F.3. of this Order.

       7.     "Counsel" shall mean attorneys who are not employees of a Party but who are retained to represent or advise a Party.

       8.     "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this MDL.  This definition includes a professional jury or trial consultant retained in connection with this MDL.

       9.     "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

C.     SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

D.     DURATION

Even after the termination of this MDL, the obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

E.     USE OF DISCLOSURE OR DISCOVERY MATERIAL

All Disclosure or Discovery Material (or any copies, summaries or abstracts thereof) produced in the course of the MDL shall be used solely for the purpose of the prosecution or defense of the MDL, or preparation of the MDL for trial.

F.     DESIGNATING PROTECTED MATERIAL

1.     Each Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all Receiving Parties that it is withdrawing the mistaken designation.

2.     Each Producing Party wishing to designate material for protection under this Order must clearly so designate that material before it is disclosed or produced.

3.     The Designating Party shall label or mark Disclosure or Discovery Material

produced to any other Party that is deemed to contain Confidential Material as follows:

> CONFIDENTIAL:  This document is subject to a Protective Order regarding confidential information in 03 MDL 1570 (RCC), United States District Court for the Southern District of New York.

4.     Stamping or writing the designated legend on the cover of the first page of any multi-page Disclosure or Discovery Material shall so designate all pages of such Disclosure or Discovery Material, unless otherwise indicated by counsel for the Designating Party. Confidentiality designations shall be made for good cause.

5.     Should the Producing Party inadvertently fail to mark Disclosure or Discovery Material as Confidential at the time of production, counsel for the Producing Party shall promptly notify counsel for all Receiving Parties upon discovery of the inadvertent production.  Correction of an omission of the Confidential designation and notice thereof shall be made in writing by counsel for the Producing Party, accompanied by substitute copies of each document or thing appropriately marked Confidential.  Within ten (10) business days of receipt of these substitute copies, counsel for the Receiving Parties shall return, or certify in writing the destruction of, the previously unmarked Disclosure or Discovery Material and all copies; and all summaries and abstracts thereof shall be maintained as Confidential by the Party or their counsel which created such copies, summaries or abstracts.

6.     If a Producing Party produces material qualifying for protection under this Order without designating that material for such protection, any other party may designate that material for protection under this Order.  Counsel for the Designating Party shall promptly notify counsel for all Receiving Parties upon discovery that the produced material may be so designated. Notice of the designated material shall be made in writing by counsel for the Designating Party,

accompanied by substitute copies of each document or thing appropriately marked Confidential. Within ten (10) business days of receipt of these substitute copies, counsel for the Receiving Parties shall return, or certify in writing the destruction of, the previously unmarked Disclosure or Discovery Material and all copies; and all summaries and abstracts thereof shall be maintained as Confidential by the Party or their counsel which created such copies, summaries or abstracts.

G.    DEPOSITION TESTIMONY

1.    In the case of depositions upon oral examination, if counsel for a Party has a reasonable and good faith belief that any question or answer contains Confidential Information or Material, counsel for that Party shall so state on the record and shall request that all pages that include such Confidential Information or Material be marked Confidential.

2.    When testimony designated as containing Confidential Information or Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition.

3.    In addition to designating during the deposition any question or answer as containing Confidential Information or Material, counsel may designate any portion of the deposition transcript as containing Confidential Information or Material at any time within thirty (30) business days of receiving the deposition transcript from the court reporter.  Notice of such designation shall be made in writing to the court reporter, with copies to all other counsel, specifying the portion(s) of the transcript and exhibits that constitute or contain Confidential Information or Material and are to be marked as Confidential.

4.    Transcripts containing testimony or exhibits designated as containing Confidential Information or Material shall be marked by the court reporter, prior to transcript

distribution, with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL MATERIAL" and shall be treated in accordance with the provisions of this Order.

5.      Until expiration of the thirty (30) business day period, all deposition transcripts shall be considered and treated as though marked Confidential, unless otherwise agreed on the record at the deposition.

H.      ACCESS TO, USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION OR MATERIAL

1.      A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

2.      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Confidential only to:

a.      Counsel for the Parties who are actively engaged in the conduct of the MDL on behalf of the named Parties, including partners, associates, secretaries, legal assistants of such counsel, and any other person in the employ of such counsel to the extent reasonably necessary to render professional services;

b.      The Court and those employed by the Court;

c.      Any person designated by the Court in the interest of justice, upon

11

such terms as the Court may deem proper;

d.    Any witness at a deposition or at a hearing, or to the extent reasonably necessary in the preparation of such witness for such deposition or hearing, and to counsel for the witness;

e.    Court reporters or persons operating video equipment who record depositions or other testimony in the MDL;

f.    Outside consultants or Experts retained for the purpose of assisting counsel in the MDL, but only to the extent the disclosure of Confidential Information or Material is directly related to and reasonably necessary to counsel's prosecution of the MDL;

g.    Professional Vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with the prosecution of the MDL;

h.    Any other person after written consent given by counsel for the Designating Party; and

i.    Clients, to the extent necessary to fulfill counsel's obligations of attorney-client communications.

4.    If any Receiving Party desires to provide Confidential Information or Material produced by a Producing Party to any person(s) not set forth in paragraph H.3., and if the Parties cannot resolve the matter consensually, the Party seeking to make such disclosure may make an appropriate application to the Court.

5.    It shall be the responsibility of counsel giving access to Confidential Information or Material produced by the Producing Party to create and retain records indicating that

the person receiving Confidential Information or Material agreed to be bound by the terms and restrictions of this Order.

      I.      INADVERTENT PRODUCTION OF PROTECTED OR PRIVILEGED MATERIAL

      1.      The inadvertent production of Disclosure or Discovery Material containing attorney-client privilege or work-product information or any other Protected Material or privileged information will not constitute, and may not be argued to constitute, a waiver of any applicable privileges or protections.

      2.      Any Disclosure or Discovery Material inadvertently produced and subject to a subsequent claim of privilege and/or protection shall, upon written request to Counsel for all Receiving Parties made promptly upon learning of the inadvertent production, be returned immediately to counsel for the Producing Party, and neither such Disclosure or Discovery Material, nor copies thereof, shall be retained and/or used by any Receiving Party without either the consent of the Producing Party or an order of the Court. Any Party may then move the Court for an order compelling production of the Disclosure or Discovery Material, but said Party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

      J.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED TO A NON-PARTY

      1.      If any Receiving Party receives a subpoena or other document production request from a non-Party to this Order seeking production or other disclosure of Confidential Information or Material produced by a Producing Party in this MDL, that Party shall notify Counsel for the Designating Party — in writing (by facsimile and email, if possible) immediately and in no event more than five calendar days after receiving the subpoena or document production request —

13

identifying the Confidential Information or Material sought and enclosing a copy of the subpoena or request.

2.      Counsel for the Receiving Party shall make timely objections to the production of the Confidential Information or Material including, by reference, the existence of this Order.  Unless and until such objections are overruled by the Court, or the Court otherwise orders production of the Confidential Information or Material, no Receiving Party may produce or divulge the contents of the Confidential Information or Material, except with the express written consent of the Designating Party.

K.      FINAL DISPOSITION

1.      Within 120 days after the entry of a final, non-appealable order disposing of all actions in this MDL, all Disclosure or Discovery Material, and all copies thereof, including but not limited to, any notes or other transcriptions made therefrom, shall be returned to counsel for the Producing Party or, in lieu thereof, counsel for the Receiving Party shall certify in writing to counsel for the Producing Party the destruction of such Disclosure or Discovery Material.

2.      Counsel for the Receiving Party shall make a reasonable effort to retrieve any Disclosure or Discovery Material, or portions thereof, subject to this Order from any Party or non-party witness and Expert or consultant to whom such information has been given, and shall notify in writing counsel for the Producing Party of any failure to retrieve any such information, the reasons therefore, the identity of the person from whom the Disclosure or Discovery Material, or portions thereof, could not be retrieved, and the identity of any Disclosure or Discovery Material, or portions thereof, not returned.

L.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

If any Party objects to the designation of any Confidential Information or Material, that Party shall state the objection and reasons therefore in a letter to Counsel for the Designating Party. Counsel shall then confer in an effort to resolve the dispute without court intervention. If the Designating Party does not change the designation within twenty (20) calendar days following the receipt of such written notice, then the Party objecting to the designation may make a motion seeking an order that such Confidential Information or Material shall be treated as no longer Confidential under this Order. Until the Court rules on any such motion and any and all proceedings or interlocutory appeals (assuming such a right exists) challenging such decision have been concluded, the Confidential Information or Material shall continue to be deemed Confidential, under the terms of this Order.

      M.    MISCELLANEOUS

      1.    No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

      2.    Except as specifically provided herein, any violation of this Order is punishable by money damages caused by the violation, including, but not limited to, all attorneys fees, court costs, exhibit costs, expert witness fees, travel expenses, all related litigation costs, and actual damages incurred by the other Party, equitable relief, injunctive relief, sanctions or any other remedy as the Court deems appropriate.

3.      Nothing in this Order shall be construed to apply to any Disclosure or

Discovery Material filed with the Court in connection with any trial, other hearing, or as an exhibit

or other attachment to any motion (other than a motion filed pursuant to paragraph L of this Order).

**So Ordered:** New York, New York
October 3, 2006

_Richard Conway_

**Richard Conway Casey, U.S.D.J.**

16